# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

CHARLES FORDJOUR,

     Petitioner,

 v.

FEDERAL BUREAU OF
INVESTIGATIONS, et.al.,

     Respondent.

_____/

1:08-cv-00024 AWI SMS HC

FINDINGS AND RECOMMENDATION
REGARDING PETITION FOR WRIT OF
HABEAS CORPUS

[Doc. 1]

   Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

   Petitioner filed the instant petition for writ of habeas corpus on January 4, 2008.  (Court Doc. 1.)  In his petition, Petitioner contends that the Federal Bureau of Investigations and the Department of Justice has failed to protect him, is attempting to conspire to murder, kidnap, and torture him, resulting in cruel and unusual punishment.  (See Petition.)

## DISCUSSION

   Writ of habeas corpus relief extends to a person in custody under the authority of the United States.  See 28 U.S.C. § 2241. Writ of habeas corpus relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).   However, where a Petitioner seeks to challenge the conditions of his confinement, his claims are cognizable in a civil rights action rather than a habeas corpus action.  In the federal context, Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), provides petitioners with a remedy for violation of

1

civil rights by federal actors. <u>C.f.</u>, <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991) (challenges to conditions of confinement by state prisoners should be presented in a 42 U.S.C. § 1983 civil rights action rather than a habeas corpus petition).

In this case, Petitioner's complaints involve the conditions of his confinement, not the fact or duration of that confinement. Thus, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed. Should Petitioner wish to pursue his claims, Petitioner must do so by a civil rights complaint pursuant to <u>Bivens,</u> 403 U.S. 388 (1971) and 42 U.S.C. § 1983.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas corpus relief. The Court further RECOMMENDS that the Clerk of Court be DIRECTED to send Petitioner the standard form for claims pursuant to <u>Bivens,</u> 403 U.S. 388 (1971) and 42 U.S.C. § 1983.

These Findings and Recommendations are submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    February 29, 2008**                              **/s/ Sandra M. Snyder**
                                                          UNITED STATES MAGISTRATE JUDGE

2