# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES FORDJOUR, | 1:08-cv-00024 AWI SMS HC |
| Petitioner, | ORDER DENYING PETITIONER'S EMERGENCY MOTION |
| v. | [Doc. 12] |
| FEDERAL BUREAU OF INVESTIGATIONS, et.al., | |
| Respondent. | |

The instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, was dismissed and judgment was entered on April 7, 2008. (Court Docs. 9, 10.)

Now pending before the Court is Petitioner's motion, filed on May 19, 2008. (Court Doc. 12.) Petitioner requests that the Court send him with the standard form for the Federal Tort Claims Act or civil rights complaint form, a complete listing of all his pending cases with accompanying docket sheets, and further order preventing officials from retaliating against him.

To the extent Petitioner contends that he did not receive a copy of the civil rights complaint form sent to him, it is unfounded. Pursuant to the Court's April 7, 2008, order adopting the Findings and Recommendation, the Court sent Petitioner the standard forms for claims pursuant to Bivens, 403 U.S. 388 (1971) and 42 U.S.C. § 1983. (Court Doc. 9.) However, the Court's April 7, 2008, order was returned with a notation that Petitioner was "not in custody." (Court Doc. 11.) Pursuant to Local Rule 83-182(f) each party is under a continuing duty to inform the Court of any change of address. Absent such notice, service of documents at

the prior address of record of the party is effective service.  Local Rule 83-182(f).  To date, Petitioner has not filed a notice of change of address after the Findings and Recommendation were issued.

However, Petitioner's motion filed on May 19, 2008, lists his address of record as Kings County Jail in Hanford, California.  (See Court Doc. 12.)  In the interest of justice, the Court will direct the Clerk of Court to re-serve the standard forms for claims filed pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) and 42 U.S.C. § 1983 to be served on Petitioner at his current address.  However, because it is not the responsibility of this Court to inform Petitioner of all his pending cases, the Court will not provide Petitioner with a complete list and docket report of all the pending cases in this Court. With respect to Petitioner's request that the Court issue a temporary restraining order against agents of the Federal Bureau of Investigations, it must be denied.

Rule 65(b) of the Federal Rules of Civil Procedure allows the Court to issue a temporary restraining order.  The Court can issue a temporary restraining order if the moving party has shown either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor."  Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985), *quoting* Apple Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984).  The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376. "Under either formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury."  Id.  In the absence of a significant showing of irreparable injury, the Court need not reach the issue of likelihood of success on the merits.  Id.

Although Petitioner filed this petition pursuant to 28 U.S.C. § 2241, as stated in the Court's April 7, 2008, order dismissing the petition, Petitioner's claims must be raised by way of a civil rights action filed pursuant to 42 U.S.C. 1983 and/or Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  See e.g. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (explaining that challenges to conditions of confinement should be

presented in a section 1983 action rather than in a habeas petition). As this action has been dismissed, the Court is without authority, even assuming Petitioner meet the requirements, to issue a temporary restraining order.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk of Court is directed to re-serve Petitioner with the standard forms for filings pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) and 42 U.S.C. § 1983, at the Kings County Jail, P.O. Box 1699, Hanford, California, 93721;

2. Petitioner's request for a list of all his pending cases along with a copy of the docket report is DENIED;

3. Petitioner's request for a temporary restraining order is DENIED; and

4. This case remains terminated and closed pursuant to this Court's April 7, 2008, order and the corresponding judgment entered April 7, 2008.

IT IS SO ORDERED.

**Dated:**   **June 11, 2008**                              **/s/ Anthony W. Ishii**
                                                        UNITED STATES DISTRICT JUDGE